UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00328-MOC-DSC

| | | |
|---|---|---|
| **CHYNCIA RODGERS,** | ) | |
| Plaintiff, | ) ) ) | |
| Vs. | ) ) | ORDER |
| **IDEAL OF NORTH CAROLINA, LLC,** | ) ) ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Strike Plaintiff's Jury Trial Demand, which has been fully briefed. While plaintiff concedes that the jury waiver provision in her contract of employment would be valid if Florida law applied, plaintiff has challenged the choice of law provision contained in such contract, contending that the choice of law provision selecting Florida is unenforceable under North Carolina law.

As there is a presumption of the validity of choice of law provisions, Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996), the burden falls to the party challenging the choice of law provision to show that it is unreasonable. Bassett Seamless Guttering, Inc. v. GutterGuard, LLC, 2006 WL 156874, *4 (M.D.N.C. Jan. 20. 2006). Under Allen, the factors this court considers in determining whether the choice of law provision is unreasonable are whether: (1) the formation of the agreement was induced by fraud or overreaching; (2) the party seeking to overcome the presumption will be deprived of their day in court due to grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law could deprive the plaintiff of a

-1-

remedy; and/or (4) enforcement of the choice of law provision would contravene a strong public policy of the forum state. Allen, 94 F.3d at 928.

Plaintiff has devoted her argument to the fourth factor, arguing that because North Carolina law prohibits contractual waivers of jury trials, see N.C.Gen.Stat. § 22B-10, enforcement of such choice of law provision would be unreasonable as North Carolina has determined that contractual jury-trial waivers are unconscionable as a matter of its public policy, as expressed by and through its General Statutes. While this court prefers trials by jury - - and would prefer a trial by jury in this case - - the logic which plaintiff employs would simply invalidate all choice of law provisions contained in foreign as well as domestic contracts as North Carolina not only finds contractual jury trial waivers unconscionable, it has found forum selection clauses unenforceable. This court's colleagues have addressed similar arguments, finding that foreign forum selection clauses *are* enforceable even though § 22B-10's sister provision, § 22B-3, provides that forum selection clauses are unenforceable as against public policy. See Tree.com, Inc. v. Laureate Online Educ. BV, 2013 WL 4079303, *4 (W.D.N.C. Aug. 13, 2013); Scholl v. Sagon RV Supercenter, LLC, 249 F.R.D. 230, 242 (W.D.N.C. 2008).

Turning back to the Allen factors, the first three favor enforcement of the choice of law provision. The fourth factor requires this court to consider North Carolina public policy, which clearly does not favor contractual waivers of jury trials; however, the court cannot conclude that such law would in turn invalidate the choice of law provision as being contrary to public policy as such does not in-and-of itself violate any "prevalent concept of good morals or fundamental principle of natural justice or involve injustice to the people of the forum state." Boudreau v. Baughman, 368 S.E.2d 849, 857–58 (N.C. 1988). See Bires v. Waltom, LLC, 2008 WL 2980095,

*3 (M.D.N.C. Aug. 1, 2008). Considering all the Allen factors together, the court finds that plaintiff has not overcome the presumption of validity and will in turn strike the jury demand. As a jury trial is an important right, the court will, however, grant the motion without prejudice as to revisiting the issue at the Final Pretrial Conference in the event this case progresses to an actual trial.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Strike Plaintiff's Jury Trial Demand (#3) is **GRANTED** without prejudice as to reasserting the substance of such contention at any Final Pretrial Conference.

Signed: September 2, 2015

*Max O. Cogburn Jr.*
United States District Judge